UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLAY MASSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-213 |
| ) | (Phillips) |
| JAMES HARRISON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Clay Massi filed a lawsuit against Walgreen Co. in 2005, Civil Action No. 3:05-CV-425 alleging that the company had negligently misfilled one of his prescriptions. On November 30, 2006, a jury rendered a verdict in favor of plaintiff. Pursuant to the jury's verdict and findings, the court entered judgment in favor of plaintiff in the amount of $13,750. The judgment has been satisfied.

On September 11, 2007, plaintiff filed a second lawsuit against Walgreen Co., Civil Action No. 3:07-CV-346. This complaint alleged that defendant had committed fraud in its defense of Civil Action No. 3:05-CV-425 by creating and presenting fraudulent documents, labels, and exhibits during the trial in the prior lawsuit. Walgreen subsequently filed a motion to dismiss, alleging that the complaint failed to state a claim. The Honorable Thomas A. Varlan, District Judge, agreed, finding "Plaintiff's complaint is more properly

categorized as a post-trial motion." Judge Varlan noted that Rule 60 of the Federal Rules of Civil Procedure provides the remedy for fraud alleged to have occurred during the trial of a case. Judge Varlan entered an order dismissing Civil Action No. 3:07-CV-346 with prejudice, explaining in the order that plaintiff should have sought relief by motion rather than initiating a separate lawsuit. The court permitted plaintiff to bring a Rule 60 motion in Civil Action No. 3:05-CV-425. That motion was subsequently denied and is currently on appeal to the Sixth Circuit Court of Appeals.

On May 28, 2008, plaintiff filed the instant complaint against the attorneys who represented Walgreen in the two above-referenced lawsuits. Also named as defendants were two employees of Walgreen who testified at the trial of the initial lawsuit. The complaint filed herein alleges that the defendants "aided and assisted Walgreen Co. in a scheme of fraud" directed at the court and aimed at securing a fraudulent verdict in Civil Action No. 3:05-CV-425.

Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, defendants aver that (1) plaintiff's claims are barred by the applicable statute of limitations; (2) plaintiff's claims are barred by the doctrine of res judicata; and (3) plaintiff's allegations of fraud are not asserted with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

-2-

Analysis

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

The Present Lawsuit is Barred by the Doctrine of Res Judicata

The instant complaint alleges that the defendants aided Walgreen in perpetrating a fraud on the court in Civil Action No. 3:05-CV-425. Even if these allegations were true, as pointed out by Judge Varlan, plaintiff must seek relief under Rule 60(b) in the original action. Plaintiff has already filed a Rule 60 motion in the original action raising his allegations of fraud by defendants which was denied by the court. Because plaintiff is

-3-

attempting to relitigate his Rule 60 motion, the doctrine of collateral estoppel applies to bar his claims. Collateral estoppel bars the same parties or their privies from relitigating in a second suit issues that were actually raised and determined in an earlier suit. *Federal Dept Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *Anchor Motor Freight v. Int'l Bd. of Teamsters, Local Union No. 377,* 700 F.2d 1067, 1070 (6th Cir. 1983). It operates as an absolute bar to any subsequent action between the same parties with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Once a court has decided an issue of fact or law in one action, the doctrine of collateral estoppel applies to prevent a party from relitigating the same issue in a separate matter. *Bronson v. Bd. of Ed. of City School Dist. of Cincinnati,* 687 F.2d 836, 840 (6th Cir. 1982).

To establish a *res judicata* defense, defendants must establish the following elements: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) identity of the causes of action. *Sanders Confectionery Products v. Heller Fin. Inc.,* 973 f.2d 474, 480 (6th Cir. 1992). Once these four elements have been established, dismissal is appropriate.

Here, the first element is satisfied by virtue of the court's prior decisions in Civil Action Nos. 3:05-CV- 425 and 3:07-CV-346 rejecting plaintiff's claims of fraud on the merits. Accordingly, plaintiff may not reassert the same claims he advanced in the earlier cases against Walgreen or any other party that is in privity with Walgreen. Defendant James Harrison and the law firm of Taylor, Reams, Tilson & Harrison were the attorneys of record for Walgreen in the prior actions; defendants Foley and Leslie were employees of Walgreen who testified in the trial of the original action. Thus, these defendants are in privity with Walgreen. The claims plaintiff filed in the prior actions and in the present action not only arise from the same transaction or occurrence, but are in fact the same allegations. Thus, these claims are barred by the doctrine of claim preclusion. As the Sixth Circuit has noted, "It would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries." *Humphreys v. Tann,* 487 F.2d 666, 668-69 (6th Cir. 1983). Accordingly, plaintiff's complaint will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because this issue is dispositive, the court need not reach an analysis of the merits of defendants' remaining arguments.

Conclusion

For the foregoing reasons, the motions to dismiss filed by defendants [Docs. 6, 12] are **GRANTED,** whereby this action is **DISMISSED, WITH PREJUDICE**. Inasmuch as the court has granted the defendants' motions to dismiss, (1) plaintiff's motion for leave to file an amended complaint [Doc. 14] is **DENIED AS MOOT**; (2) plaintiff's judicial appeal

[Doc. 23] is **DENIED AS MOOT**; (3) defendants' motion to strike plaintiff's judicial appeal [Doc. 24] is **GRANTED;** (4) plaintiff's motion for leave to file DEA evidence [Doc. 15] is **DENIED AS MOOT**; (5) plaintiff's motions to give notice of defendant's fraud upon the court [Docs. 29, 31] are **DENIED AS MOOT**; and (5) defendants' motions for sanctions [Docs. 11,16] are **DENIED.**

                **ENTER:**

                    s/ Thomas W. Phillips
                United States District Judge